UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X   Index No.
ODALISA SANCHEZ,

                Plaintiffs,        **COMPLAINT**

    -against-

LIBERATO RESTAURANT and ANTONIO
LIBERATO,

                Defendants.
_____X

Plaintiff ODALISA SANCHEZ ("Plaintiff"), by and through her attorneys, The Law Offices of Jason J. Rebhun P.C., hereby file this Complaint against Defendants LIBERATO RESTAURANT and ANTONIO LIBERATO (collectively "the Defendants"), and allege, upon personal knowledge as to herself, and upon information and belief as to other matters, as follows:

## NATURE OF ACTION

1. Plaintiff complains pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"), that she is entitled to recover unpaid minimum and overtime wages, liquidated damages, pre and post-judgment interest, attorneys' fees and costs pursuant to the FLSA, 29 U.S.C. §§ 201, et seq., pursuant to the New York Labor Law, Art. 6, §§ 190, et seq. and Art. 19, §§ 650, et seq. ("NYLL"), and pursuant to 12 NYCRR 141-1.2 and 12 NYCRR 142-2.4.

2. Throughout the relevant period which continues to date, it was Defendants' policy to deprive Plaintiff of paying her minimum and overtime wages. Defendants systematically ignored the requirements of the FLSA and NYLL and failed to compensate Plaintiff at

the statutory rate of one and one half (1.5) times their regular rate for all hours worked above 40 in each workweek.

3. In addition, Defendants did not pay Plaintiff spread of hours wages for each additional hour worked in excess of (10) or more hours in a workday, which entitled Plaintiff to one (1) additional hour of pay at her regular rate.

4. Plaintiff brings this action to remedy the Defendants' repeated violations of the wage and hour provisions of the FLSA and NYLL which have deprived Plaintiff of her lawfully earned wages.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the claims in this action pursuant to the provisions of 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction of Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as the Defendants' principal place of business is in this district.

7. This Court is empowered to issue a declaratory judgment and further necessary or proper relief based on a declaratory judgment pursuant to 28 U.S.C. § § 2201 and 2202.

## THE PARTIES

**Plaintiffs**

8. Odalisa Sanchez ("Plaintiff") is a natural person currently residing in Bronx County, New York.

9. Plaintiff was employed by the Defendants as a waitress from June 2011 until she was terminated on May 31, 2017.

10. Plaintiff was engaged in commerce within the meaning of 29 U.S.C. § 203(b) and was thus an employee within the meaning of the FLSA and NYLL.

**Defendants**

11. Defendant LIBERATO RESTAURANT ("Liberato Restaurant") is a domestic business entity duly existing under the laws of the State of New York.

12. The Liberato Restaurant maintains its principal place of business at 10 West Burnside Avenue, Bronx, NY 10453.

13. At all relevant times, the Liberato Restaurant regulated Plaintiff's employment, acted directly and indirectly in its and the other Defendant's interest in relation to its employees, and was thus Plaintiff's employer within the meaning of section 3(d) of the FLSA.

14. Defendant ANTONIO LIBERATO ("the Defendant") is the owner of Defendant Liberato Restaurant and resides in New York. He is over the age of eighteen.

15. The Defendant is a restaurateur. He Owns, Manages, Supervises, and is an Agent of the Liberato Restaurant.

16. Accordingly, the Defendant regulated Plaintiff's employment, and at all times managed, supervised, and was Plaintiff's boss.

17. At all relevant times, Defendant actively controlled and managed the corporate Defendant, Liberato Restaurant.

18. Accordingly, Defendant regulated Plaintiff's employment, directly and indirectly in the Liberato Restaurant and its interest in relation to the employees, and was thus Plaintiff's employer within the meaning of section 3(d) of the FLSA.

19. The Defendant owns two Liberato Restaurant locations in Bronx, New York. Specifically, the Defendant manages the Liberato Restaurant at issue, which is a restaurant located at 10 West Burnside Avenue, Bronx, NY 10453.

20. The Defendants' business activities are related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of section 3(r) of the FLSA.

21. The Defendants employed and are employing employees at their places of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees working on materials that have been moved in or produced for commerce. These goods include, but are not limited to food and beverages prepared and sold to the public at large. The enterprise had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the FLSA.

22. At all relevant times, the Defendants are covered employers within the meaning of the FLSA and NYLL and employed Plaintiff.

23. At all relevant times, the Defendant exercised both formal and functional control, oversight and direction over Plaintiff, including payroll and other employment practices that applied to her.

24. At all relevant times, the Defendant had the power to hire and fire Plaintiff, control Plaintiff's terms and conditions of employment and determine the rate and method of her compensation.

## FACTUAL ALLEGATIONS

25. The Defendant hired Plaintiff as a waitress at the Liberato Restaurant in June 2011, who worked for Defendants until her termination on May 31, 2017.

26. As a waitress, Plaintiff's duties involved serving food and beverages to customers, handling delivery orders, cleaning tables, and maintenance/upkeep of the Liberato Restaurant.

27. Plaintiff's duties did not include managerial responsibilities or the exercise of independent judgment.

28. Plaintiff was required to work ten (10) hours per day, six (6) days per week, from 4 PM through 2 AM for a total of 60 hours per week.

29. Plaintiff's sole compensation was the flat rate of $40 for each day that she worked.

30. From 2011 through and including 2015, the FLSA and the NYLL required employers to pay their employees minimum wage. The minimum wage for waitresses during this time was $5.00 per hour, after the employer was permitted to take a tip credit.

31. In 2016 through and including 2017, the minimum wage for waitresses was increased to $7.00 per hour, after the employer was permitted to take a tip credit. The relevant minimum wage statute of limitations under New York Labor Law is six (6) years and under the FLSA, is two (2) years.

32. In addition, employers are required to pay employees spread of hours wages and thus, an employee who works ten (10) or more hours in a workday is entitled to one (1) additional hour of pay at her regular rate.

**Wages Owed to Plaintiff**

5

33. From 2011 through and including 2015, the Defendants never paid Plaintiff for a single hour of work. She was forced to rely solely on the $40 she made each day together with the tips that she earned.

34. Thus, for each week that she worked six days and ten hours per day, Plaintiff was entitled to be paid $380 ($200 ($5 per hour minimum wage multiplied by 40 hours per week + $150 ($7.50 overtime multiplied by 20 overtime hours per week) + $30 (spread of hours pay = $5 per hour multiplied by 6 days per week)). Given that Plaintiff was only paid $240 per week, she is entitled to the difference of $140 per week she was underpaid.

35. Accordingly, from 2011 through 2015, Plaintiff was entitled to wages of **$7,280 per year** representing the minimum, overtime and spread of hours wages.

36. Thus, for 2011, 2012, 2013, 2014, and 2015, Plaintiff was underpaid by **$36,400.**

37. For 2016, from January through the end of May, during which time the minimum wage was increased to $7.50 per hour, Plaintiff was underpaid $330 per week multiplied by the 20 weeks that she worked. Thus, Plaintiff was underpaid **$6,600.**

38. Defendants began to pay Plaintiff a proper wage after they were sued and settled another wage case Ramirez et al. v. M.L Restaurant Corp. et al., case numbers 1:13-cv-07249 and 1:14-cv-04030.

39. Accordingly, not including interest and liquidated damages, attorneys' fees, etc., Plaintiff is entitled to unpaid wages in the amount of **$43,000.**

40. Plaintiff continued working for the Defendants despite these numerous violations because she needed her daily salary to survive.

41. Until June 1, 2016, Defendants continuously failed to pay Plaintiff the statutory minimum wage rate for any week and the overtime premium rate of one and a half times her regular rate of pay for all hours worked in excess of forty (40) in each workweek.

42. Until June 1, 2016, Defendants also failed to pay Plaintiff spread of hours wage for working 10 hours per day and for which she is entitled to one (1) additional hour of pay at her regular rate.

43. Further, until June 1, 2016, Defendants did not furnish Plaintiff with any written statements regarding her rate of pay, the basis thereof or the regular pay day.

44. Defendants did not have permission by the New York State Commissioner of Labor to do this.

45. Defendants also failed to furnish Plaintiff with a notice containing her rate of pay and the basis thereof, within ten (10) business days of her first day of employment.

46. Defendants also failed to furnish Plaintiff with a weekly written statement setting forth the time period the payment covered, her hourly rate and the basis thereof.

47. Defendants also failed to conspicuously post the required minimum wage posters.

### FIRST CLAIM OF RELIEF
### FAIR LABOR STANDARDS ACT - UNPAID MINIMUM WAGE AND UNPAID OVERTIME WAGES

48. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs of this Complaint as though the same were fully set forth herein.

49. For 2011 through 2015, Defendants were required to pay Plaintiff a minimum wage pay of at least $5.00 per hour.

50. For 2016, from January through the end of May, Defendants were required to pay Plaintiff minimum wage pay of at least $7.25 per hour.

7

51. At all relevant times, Defendants were required to pay Plaintiff overtime premium pay of one and one half (1.5) times her regular rate of pay for all hours worked in excess of 40 hours in each workweek.

52. At all relevant times, Defendants had a policy of not paying overtime premium pay to Plaintiff.

53. As a result of the Defendants' willful failure to pay Plaintiff overtime premium pay of one and one half times (1.5) her regular rate of pay for all hours worked in excess of 40 hours in each workweek, Defendants violated the FLSA and the supporting United States Department of Labor regulations.

54. The Defendants knew or should have known that they were required to pay Plaintiff overtime premium pay of one and one half (1.5) times her regular rate of pay for all hours worked in excess of 40 hours in each workweek.

55. Due to Defendants' violations, Plaintiff is entitled to recover from Defendants unpaid overtime wages and an additional amount equal as liquidated damages, reasonable attorneys' fees and costs and disbursements of this action, pursuant to the FLSA, 29 U.S.C. § 216(b).

## SECOND CLAIM OF RELIEF - FLSA
## FLSA— FAILURE TO MAINTAIN ACCURATE RECORDS

56. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs of this Complaint as though the same were fully set forth herein.

57. At all relevant times, Defendants were required to make, keep and preserve adequate and accurate records of the wages, hours, and other conditions of Plaintiff's employment.

58. Specifically, Defendants were required to make, keep and preserve accurate records of the actual hours of work, basis of pay and total weekly payments to Plaintiff.

8

59. At all relevant times, Defendants had a policy and practice of not making, keeping and preserving adequate and accurate records of the wages, hours, and other conditions of Plaintiff's employment.

60. As a result of the Defendants' willful failure to make, keep and preserve adequate and accurate records of the wages, hours, and other conditions of Plaintiff's employment, Defendants violated the FLSA and the supporting United States Department of Labor regulations.

61. The Defendants knew or should have known that they were required to make, keep and preserve adequate and accurate records of the wages, hours, and other conditions of Plaintiff's employment.

62. Defendants willfully and intentionally disregarded this requirement and failed to make a good faith effort to comply with the FLSA regarding the making, keeping and preserving of adequate and accurate records of the wages, hours, and other conditions of Plaintiff's employment.

## THIRD CLAIM OF RELIEF
## NEW YORK LABOR LAW - UNPAID MINIMUM WAGES AND UNPAID OVERTIME WAGES AND UNPAID SPREAD OF HOURS WAGES

63. Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs of this Complaint as though the same were fully set forth herein.

64. At all relevant times, Defendants were required to pay Plaintiff spread of hours wages of one (1) additional hour of pay at her regular rate for every ten (10) or more hour workday.

65. Accordingly, not including interest and liquidated damages, attorneys' fees, etc., the total **amount due to Plaintiff is $43,000, to date.**

66. As a result of the Defendants' willful failure to pay Plaintiff overtime premium pay of one and one half times her regular rate of pay for all hours worked in excess of 40 hours in each workweek, and spread of hours wages of one (1) additional hour of pay at her regular rate for every ten (10) or more hour workday, Defendants violated the NYLL and the supporting New York State Department of Labor regulations.

67. The Defendants knew or should have known that they were required to pay Plaintiff overtime premium pay of one and one half times her regular rate of pay for all hours worked in excess of 40 hours in each workweek in addition to spread of hours wages of one (1) additional hour of pay at her regular rate for every ten (10) or more hour workday.

68. Defendants willfully and intentionally disregarded this requirement and failed to make a good faith effort to comply with the NYLL regarding the rate and method of compensation they have not paid Plaintiff.

69. Due to Defendants' violations, Plaintiff is entitled to recover from Defendants unpaid overtime wages, spread of hours wages, and an additional amount equal as liquidated damages, reasonable attorneys' fees, costs and prejudgment interest, pursuant to NYLL § 663(1).

**FOURTH CLAIM OF RELIEF**
**NYLL— VIOLATION OF NOTICE AND RECORD KEEPING REQUIREMENTS**

70. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs of this Complaint as though the same were fully set forth herein.

71. At all relevant times, Defendants were required to and failed to furnish Plaintiff a statement with every payment of wages, listing, among other things, the overtime rate of pay and the number of overtime hours she worked.

72. As a result of the Defendants' willful failure to furnish Plaintiff with this statement, Defendants violated the NYLL and the supporting New York State Department of Labor regulations.

73. The Defendants knew or should have known that they were required to furnish Plaintiff a statement with every payment of wages, listing, among other things, the overtime rate of pay and the number of overtime hours worked.

74. Defendants willfully and intentionally disregarded this requirement and failed to make a good faith effort to comply with the NYLL by not furnishing Plaintiff a statement with every payment of wages, listing, among other things, the overtime rate of pay and the number of overtime hours worked.

75. Due to Defendants' willful violations, Plaintiff is entitled to recover civil money penalties from the Defendants in the amount of $100 per week for each week in which Defendants failed to furnish a statement with every payment of wages, listing, among other things, the overtime rate of pay and the number of overtime hours worked, up to a maximum of $2,500.00, pursuant to the NYLL, § 198-1(d), as well as injunctive and declaratory relief.

## FIFTH CLAIM OF RELIEF
## NEW YORK LABOR LAW - MINIMUM WAGE POSTER

76. Plaintiff repeats and realleges each and every allegation of the preceding paragraph of this Complaint as though the same were fully set forth herein.

77. At all relevant times, Defendants were required to furnish Plaintiff a notice containing, among other things, their rate of pay, the basis thereof, and the regular pay day within ten (10) business days of her first day of employment.

78. Defendants failed to furnish Plaintiff this notice within 10 business days of her first day of employment, failed to provide this notice to Plaintiff on or before February first of each subsequent year of Plaintiff's employment and failed to obtain Plaintiff's written acknowledgement thereof.

79. As a result of the Defendants' willful failure to furnish Plaintiff with this notice, Defendants violated the NYLL and the supporting New York State Department of Labor regulations.

80. The Defendants knew or should have known that they were required to furnish this notice to Plaintiff.

81. Defendants willfully and intentionally disregarded this requirement and failed to make a good faith effort to comply with the NYLL by furnishing this notice to Plaintiff.

82. Due to Defendants' willful violations, Plaintiff is entitled to recover from Defendants civil money penalties in an amount of $50 per week for each week in which Defendants failed to furnish this notice to Plaintiff, up to a maximum of $2,500.00, pursuant to the NYLL, § 198-1(d), as well as injunctive and declaratory relief.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this Court grant the following relief:

1) Declaring Defendants' practices complained of herein are willful violations of the FLSA and NYLL;

2) An award of damages for minimum wages, overtime wages, spread of hours wages, and an additional, equal amount as liquidated damages owed under the FLSA and the supporting United States Department of Labor regulations;

3) An award of damages for minimum wages, overtime wages, spread of hours wages, and an additional, equal amount as liquidated damages owed under the NYLL and the supporting New York State Department of Labor regulations;

4) An award of civil money penalties for Defendants' failure to furnish Plaintiff weekly wage statements reflecting the number of overtime hours worked and amount of overtime wages paid, in an amount equal to $100 per employee for each week in which Defendants failed to comply with this requirement, up to $2,500 per employee;

5) An award of prejudgment and post judgment interest under the FLSA and NYLL

6) An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees; under the FLSA and NYLL and,

7) Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: July 27, 2017
    New York, NY                                Yours truly,

                                                *Jason J. Rebhun*
                                                The Law Offices of Jason J. Rebhun, P.C.
                                                Attorney for Plaintiff(s)
                                                225 Broadway, 38th Floor
                                                New York, NY 10007
                                                (646) 201-9392

13